UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                                                    )<br>)<br>JANSYS FELIZ-TERRERO,             )<br>)<br>         **DEFENDANT**                  ) | **CRIMINAL NO. 03-80-P-H-02** |

## ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE

The defendant has asked me to reduce the sentence I gave him on April 2, 2007, because of the retroactive crack guideline and the Supreme Court's decision in <u>Kimbrough v. United States</u>, 522 U.S. \_\_, 128 S. Ct. 558 (2007). The retroactive cocaine base (crack) Guideline amendment does not help this defendant and <u>Kimbrough</u> does not justify my reopening the sentence independently of the retroactive guideline. Accordingly, I **DENY** the motion.

The defendant was sentenced under the 2002 Guidelines Manual. Although the quantity of crack was between 500 grams and 1.5 kilograms, ordinarily yielding a base offense level of 36, Guideline 2D1.1(a)(3) then reduced that base offense level to a cap of 30, inasmuch as the defendant elsewhere received a mitigating role reduction. Thus, although the new crack Guideline would start him out at a lower base offense level of 34, the cap still would be 30. All the other adjustments he received (safety valve; role reduction; acceptance of responsibility) would still produce the same total offense level, 22, with a criminal history of I,

and thus the same guideline range, 41 months to 51 months.  <u>See</u> Guideline 1B1.10.  According to the motion the defendant has filed (a pastiche of his plea agreement, what appear to be newsletters or communications from defender organizations, and assertions about his own sentence), he seems to think that he received the benefit of a Guideline 5K1.1 motion at his original sentence.  <u>See</u> Def.'s Mot. Under 18 U.S.C. § 3582(c)(2) at 16-18 (Docket Item 112).  The docket and Judgment reveal that to be incorrect.  Although the Federal Defender asked me to give the defendant a lower variant (<u>Booker</u>) sentence, I declined and sentenced him at the bottom of the guideline range, 41 months.  That is exactly where he should remain.  There is no reason to apply <u>Kimbrough</u> retroactively.

**SO ORDERED.**

**DATED THIS 27TH DAY OF FEBRUARY, 2008**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

2